**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FIDEL MERCADO ESPINOZA, AKA
Roberto Gutierrez Sanchez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-72953

Agency No. A077-584-556

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Fidel Mercado Espinoza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Mercado Espinoza failed to establish that any harm he experienced or fears in Mexico was or would be on account of a protected ground, including membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)). Thus, his asylum and withholding of removal claims fail.

The BIA did not err in declining to consider Mercado Espinoza's arguments regarding a new social group that he raised for the first time to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal); *see also Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190-91 (BIA 2018) (where the IJ did not have an opportunity to make relevant factual findings, the BIA cannot do so in the first instance on appeal).

18-72953

Substantial evidence supports the agency's denial of CAT relief because Mercado Espinoza failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In light of this disposition, we need not reach Mercado Espinoza's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Mercado Espinoza's motion to hold the case in abeyance (Docket Entry No. 20) is denied.

**PETITION FOR REVIEW DENIED.**